IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, #101329, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv784-WHA |
| ) | [WO] |
| CARTER F. DAVENPORT, et al, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This cause is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Arthur Brennan Malloy ("Malloy") on October 21, 2013. Doc. 1. Malloy is serving a sentence of life without parole as a habitual offender, which was imposed in 1981 upon his conviction for first-degree robbery after a jury trial in the Circuit Court of Montgomery County.  In his petition, Malloy challenges the failure of the Alabama Board of Pardons and Paroles (the "Board") to rule favorably on his November 2008 application for a pardon.  He argues that (1) he has a liberty interest under Alabama Code § 15-22-36 in obtaining a pardon, and therefore the Board's failure to grant him a pardon when he proved his actual innocence of his robbery conviction violated his right to due process; and (2) the Board's failure to grant him a pardon violated his right to equal protection. Doc. 1 at 5-10.  Malloy also claims he is entitled to a reduction of his sentence under Alabama Code § 13A-5-9.1. Doc. 1 at 11-12. For the reasons that follow, the court finds Malloy's petition entitles him to no relief and should be dismissed.

## II. DISCUSSION

A. <u>Alabama Code § 15-22-36 Does Not Create a Liberty Interest in Obtaining a Pardon</u>

Malloy claims he has a liberty interest under Alabama Code § 15-22-36 in obtaining a pardon, and therefore the Board's failure to grant him a pardon, when he proved his actual innocence of his robbery conviction, violated his right to due process. Doc. 1 at 5-10.

Section 15-22-36 of the Alabama Code governs the authority of the Alabama Board of Pardons and Paroles to grant pardons. *See* Ala. Code § 15-22-36(a) ("In all cases, except treason and impeachment and cases in which sentence of death is imposed and not commuted, as is provided by law, the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles and to remit fines and forfeitures."). Section 15-22-36(c) provides, in pertinent part:

> [A] pardon based on innocence may be granted upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his or her innocence of the crime for which he or she was convicted and the written approval of the judge who tried his or her case or district attorney or with the written approval of a circuit judge in the circuit where he or she was convicted if the judge who tried his or her case is dead or no longer serving.

Ala. Code § 15-22-36(c).

According to Malloy, he satisfied the requirements of § 15-22-36(c) when applying for a pardon because he submitted "clear proof" he was actually innocent of his 1981 robbery conviction. Malloy's purported proof of his actual innocence consists not of new evidence, but of his assertion that the State failed to prove his specific intent to commit the crime of first-degree robbery and that his conviction was improperly based on the transferred intent of his co-

defendant.¹ Doc. 1 at 7. This conclusory assertion does not constitute "clear proof" of his innocence. Moreover, it is undisputed that Malloy has never obtained or submitted the written approval of the judge who tried his case, the district attorney, or a circuit judge in the circuit where he was convicted—an additional requirement under § 15-22-36(c).

Even if Malloy had satisfied the requirements of § 15-22-36(c), he would not be entitled to obtain a pardon from the Board, because the statute calls for discretionary rather than mandatory action by the Board. That is, the statute expressly provides that a pardon "may" be granted upon the unanimous affirmative vote of the Board. Ala. Code § 15-22-36(c); *see, e.g., Osborne v. Folmar*, 735 F.2d 1316, 1317 (11th Cir. 1984) (noting that statute authorizing mayors of Alabama cities to grant pardons, Ala. Code § 12-14-15, creates no liberty interest because it is framed in discretionary terms—the "mayor . . . *may* grant pardons") (emphasis added). Further, although § 15-22-36(c) sets forth certain requirements that must be met by an applicant seeking a pardon, the statute does not contain particularized substantive standards that significantly guide the Board's discretion to grant a pardon. Because the Board's decision to grant a pardon is a discretionary one under the plain language of the statute, § 15-22-36 creates no protected liberty interest in obtaining such a pardon. *See Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (noting that Alabama's parole statute calls for discretionary rather than mandatory action by the Board, and that "[w]hen the statute is framed in discretionary terms there is not a liberty interest created").²

---

¹ The court notes that, on direct appeal, the Alabama Court of Criminal Appeals deemed the evidence presented against Malloy sufficient to support his conviction. *Sub nom Mallory v. State*, 437 So. 2d 595, 598 (Ala. Crim. App. 1983).

² In *Thomas*, the Eleventh Circuit noted:
　　The United States Supreme Court in *Greenholtz v. Inmates of The Nebraska*

(continued…)

Because Alabama Code § 15-22-36(c) frames the Board's authority in discretionary terms, Malloy possesses no liberty interest in being granted a pardon protected by the Due Process Clause. "The lack of any liberty interest in or right or entitlement to the exercise of the pardon power in any particular way . . . disposes of the procedural due process claim[.]" *Osborne*, 735 F.2d at 1317. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to the Board's pardon decisionmaking process. As such, the Board's failure to grant Malloy a pardon could not, and did not, violate his right to due process.

B.   Malloy's Equal Protection Claim Is Unsupported

Malloy makes the conclusory assertion that the Board's failure to grant him a pardon violated his right to equal protection. Doc. 1 at 7-10.

To establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.'" *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001) (quoting *Damiano*

---

*Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), addressed the issue of an inmate's right to the constitutional protection of due process in parole considerations. The Nebraska statute provided that inmates were to be released unless certain criteria were found by the parole board. The Supreme Court, when presented with the argument that a prisoner has a constitutionally protected interest in a parole hearing stated, "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*. at 7, 99 S.Ct. at 2103. However, the Supreme Court found that the language of the Nebraska statute did provide for automatic parole unless certain factors were found to exist, therefore Nebraska inmates had a liberty interest in parole. The importance of the precise wording of each state's statute was further emphasized when the Supreme Court found the Connecticut statute did not create a liberty interest because of the discretion given the parole board in that state. *Connecticut v. Dumschat*, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).

*Thomas*, 691 F.2d at 488.

*v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)).  To succeed on an equal protection challenge, the claimant must demonstrate the existence of discriminatory intent. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993).  That is,

> official action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

Malloy offers no evidence identifying any other similarly situated inmate who received more favorable treatment from the Board, or that the Board subjected him to adverse treatment based on some constitutionally impermissible reason. *See Brunskill v. Boyd*, 141 Fed. App'x 771, 776 (11th Cir. 2005) (affirming summary judgment against prisoner who failed to identify any similarly situated prisoner treated more favorably).  Because Malloy sets forth no facts to support his allegation of an equal protection violation, he is entitled to no relief based on this claim.

      C.    <u>The Request for Resentencing Under Alabama Code § 13A-5-9.1 Is Successive</u>

Finally, Malloy claims he qualifies for a reduction of his life-without-parole sentence under the 2000 amendments to Alabama's habitual offender statute, specifically invoking Ala. Code § 13A-5-9.1, which in certain circumstances authorizes the sentencing judge to modify a previous sentence of life without parole to a sentence of life with the possibility of parole. Doc. 1 at 11-12.  Malloy has raised this same claim in at least two previous federal habeas petitions in which relief has been denied. *See Malloy v. Riley, et al.*, 02cv79-TMP-M (N.D. Ala. 2003); *Malloy v. Wise, et al.*, 2:09cv467-ID (M.D. Ala. 2009).  Yet he has not obtained authorization from the Eleventh Circuit to file a successive petition raising this claim. *See* 28 U.S.C.

§ 2244(b)(3)(A) (requiring such an authorization).  Consequently, this court lacks jurisdiction to address the claim and the claim is due to be dismissed. *See, e.g., Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) (holding that district court has no jurisdiction over a successive petition without authorization).  Moreover, the claim "is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief." *Curry v. Culliver*, 141 Fed. App'x 832, 834 (11th Cir. 2005).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Malloy's petition for writ of habeas corpus be DENIED and this case dismissed with prejudice, because Malloy establishes no basis for federal habeas corpus relief.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before February 23, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see*

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 9th day of February, 2016.

                                                 /s/ Gray M. Borden
                                     UNITED STATES MAGISTRATE JUDGE