IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, #101329, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO. 2:13-cv-784-WHA |
| | ) |
| CARTER F. DAVENPORT, et al., | )       (wo) |
| | ) |
| Respondents. | ) |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #25), and the Petitioner's Objection (Doc. #26). The court has conducted an independent evaluation and *de novo* review of the file in this case and, having done so, concludes that the objection is without merit.

Malloy, who is serving a sentence of life without parole as a habitual offender, argues that the Alabama Board of Pardons and Paroles must render a (favorable) decision on his pardon application. There is no statutory requirement that the Board "act on" his application, and, in any event, Malloy has never submitted to the Board the requisite materials for receiving a pardon. Malloy has never obtained or submitted the written approval of the judge who tried his case, the district attorney, or a circuit judge in the circuit where he was convicted — a requirement under Ala. Code § 15-22-36(c). He falsely claims that his pardon application was supported by admitted facts from the district attorney. The district attorney's failure to respond to Malloy's request for admissions (which the DA was not obligated to respond to) does not constitute an admission of facts, despite what Malloy says. Finally, as noted in the Recommendation, even if

Malloy had submitted all the necessary materials, he has no liberty interest in receiving a pardon. Nor does he have a liberty interest in having the Board formally deny his pardon application. Alabama's pardons statute is framed in discretionary terms.

Malloy also reargues his claim that he submitted proof of his innocence to the Board. He did not. His claim of "innocence" is based on a flawed legal argument that has been several times rejected by the courts. Essentially, he argues that because the State's evidence showed he was acting as a lookout in the robbery, he did not have the requisite intent to be convicted of the robbery.

Finally, Malloy claims that the denial of a pardon in his case violated his right to equal protection because a white convicted felon, former Alabama Governor Guy Hunt (who was convicted of a state ethics violation), was granted a pardon. Malloy did not mention the Hunt case when presenting his cursory equal protection claim in his 2254 petition. Moreover, Malloy does not demonstrate that he and Hunt were similarly situated. Nor does he show that Hunt, unlike him, failed to submit the required materials for being considered for a pardon.

Therefore, it is hereby ORDERED as follows:

1. The Recommendation of the Magistrate Judge is ADOPTED.

2. This petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3. This case is DISMISSED with prejudice, because Malloy establishes no basis for federal habeas corpus relief.

DONE this 26th day of April, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE